1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANDRE JOHNSON,                                    1:03-cv-05866-AWI-DLB-P

                     Plaintiff,          **ORDER ADOPTING FINDINGS AND**

vs.                                               **RECOMMENDATIONS** (Doc. 6)

GAIL LEWIS, et al.,                               **ORDER DISMISSING ACTION WITH**
                                                  **LEAVE TO AMEND**
                  Defendants.
_____/

      Plaintiff, Andre Johnson ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

      On May 3, 2006, the Magistrate Judge filed Findings and Recommendations that recommended the complaint be dismissed without leave to amend because Plaintiff cannot invalidate a conviction in a civil rights action.   The Findings and Recommendations were served on Plaintiff and contained notice that any objections to the Findings and Recommendations were to be filed within thirty (30) days.  On June 1, 2006, plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the Findings and Recommendations to be supported by the record and by proper

1

1  analysis.

2       In the objections, Plaintiff contends that the Magistrate Judge misunderstood the basis of

3  this action.   Plaintiff contends that this action is not about whether his current conviction is

4  valid.  Rather, Plaintiff contends that a prior conviction, which was reversed on appeal, is being

5  used improperly by prison officials when classifying Plaintiff.  Given the allegations in the

6  complaint, the court agrees with the Magistrate Judge that the complaint fails to state a claim.

7  However, because Plaintiff insists that this action concerns mistakes in classifying Plaintiff and

8  not the validity of a conviction, the court will dismiss the complaint with leave to amend. See

9  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (if court determines that complaint fails to state

10  claim, leave to amend should be granted to extent that complaint's deficiencies can be cured).

11      The Due Process Clause protects prisoners from being deprived of liberty without due

12  process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of

13  action for deprivation of procedural due process, a plaintiff must first establish the existence of a

14  liberty interest for which the protection is sought.  Liberty interests may arise from the Due

15  Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

16      The Due Process Clause itself does not confer on inmates a liberty interest in a particular

17  classification status.  See Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976).  The existence of a

18  liberty interest created by state law is determined by focusing on the nature of the deprivation.

19  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state law are

20  generally limited to freedom from restraint which "imposes atypical and significant hardship on

21  the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.  Under

22  certain circumstances, labeling a prisoner with a particular classification may implicate a liberty

23  interest subject to the protections of due process.  See Neal v. Shimoda, 131 F.3d 818, 827 (9th

24  Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label

25  coupled with the subjection of the targeted inmate to a mandatory treatment program whose

26  successful completion is a precondition for parole eligibility create the kind of deprivations of

27  liberty that require procedural protections.").

28      In order to pursue a claim for relief against defendants for denial of procedural due

1  process, Plaintiff must establish the existence of a liberty interest entitling him to procedural due

2  process protections.  The law has not recognized that inmates necessarily have a liberty interest

3  in remaining free from segregation or solitary confinement, and Plaintiff has alleged no facts that

4  establish the existence of a liberty interest in remaining free from segregation or solitary

5  confinement.  See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due

6  process claim fails because he has no liberty interest in freedom from state action taken within

7  sentence imposed and administrative segregation falls within the terms of confinement ordinarily

8  contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.

9  2000) (plaintiff's placement and retention in the SHU was within range of confinement normally

10  expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no

11  protected liberty interest in being free from confinement in the SHU) (quotations omitted).

12  Plaintiff has not adequately alleged that the prior conviction in Plaintiff's prison file has

13  subjected him to conditions constituting an "atypical and significant" hardship.  In addition,

14  while Plaintiff alleges that prison officials have illegally used the prior conviction in

15  classification, the complaint fails to identify which defendants, if any, participated in the alleged

16  mis-classification.   Because the complaint fails to state a due process claim regarding Plaintiff's

17  classification status, the court will dismiss the complaint with leave to amend.

18       For the reasons stated in the Findings and Recommendations and in this order, the court

19  finds that Plaintiff's complaint does not contain any cognizable claims for relief.   However, in

20  the interests of justice, the court will provide Plaintiff with leave to amend those claims that he

21  believes, in good faith, are cognizable under 42 U.S.C. § 1983.  Plaintiff is advised that Local

22  Rule 15-220 requires that an amended complaint be complete in itself without reference to any

23  prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See

24  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the

25  original pleading no longer serves any function in the case.  Therefore, in an amended complaint,

26  as in an original complaint, each claim and the involvement of each defendant must be

27  sufficiently alleged.

28

Accordingly, it is HEREBY ORDERED that:

1.     The Findings and Recommendations, filed May 3, 2006, are ADOPTED IN
       FULL;

2.     The complaint is DISMISSED with leave to amend;

3.     Plaintiff shall file an amended complaint within thirty (30) days from the date of
       service of this order;

4.     The Clerk's Office shall send plaintiff a civil rights complaint form; and

5.     The failure to file an amended complaint in compliance with this order will result
       in a dismissal of this action.

IT IS SO ORDERED.

**Dated:     September 12, 2006          _____/s/ Anthony W. Ishii_____**
0m8i78                                   UNITED STATES DISTRICT JUDGE

4