UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDRE JOHNSON, | ) | CV F- 03-5866 LJO DLB P |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS RE |
| v. | ) | DISMISSAL OF ACTION |
| | ) | |
| GAIL LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

     Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is the amended complaint, filed March 9, 2007.

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1   Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

2        In the instant case, plaintiff brings action against Warden Gail Lewis of Pleasant Valley State
3   Prison.  Plaintiff alleges that his prior conviction, which was reversed on appeal, is being used
4   improperly by prison officials when classifying plaintiff.

5        The Due Process Clause protects prisoners from being deprived of liberty without due
6   process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of
7   action for deprivation of procedural due process, a plaintiff must first establish the existence of a
8   liberty interest for which the protection is sought. Liberty interests may arise from the Due
9   Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

10       The Due Process Clause itself does not confer on inmates a liberty interest in a particular
11  classification status.  See  Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976). The existence of a
12  liberty interest created by state law is determined by focusing on the nature of the deprivation.
13  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state law are
14  generally limited to freedom from restraint which "imposes atypical and significant hardship on
15  the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.  Under
16  certain circumstances, labeling a prisoner with a particular classification may implicate a liberty
17  interest subject to the protections of due process.  See Neal v. Shimoda, 131 F.3d 818, 827 (9th
18  Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label
19  coupled with the subjection of the targeted inmate to a mandatory treatment program whose
20  successful completion is a precondition for parole eligibility create the kind of deprivations of
21  liberty that require procedural protections.").

22       In order to pursue a claim for relief against defendants for denial of procedural due
23  process, Plaintiff must establish the existence of a liberty interest entitling him to procedural due
24  process protections.  The law has not recognized that inmates necessarily have a liberty interest
25  in remaining free from segregation or solitary confinement, and Plaintiff has alleged no facts that
26  establish the existence of a liberty interest in remaining free from segregation or solitary
27  confinement.  See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due

28

process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). Plaintiff has not adequately alleged that the prior conviction in Plaintiff's prison file has subjected him to conditions constituting an "atypical and significant" hardship.  Because the complaint fails to state a due process claim regarding Plaintiff's classification status, the court recommends dismissal of the complaint.  The Court does not deem it appropriate to grant leave to amend because plaintiff has already been given the opportunity o amend the complaint and was unable to cure the deficiency.

      Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, for failure to state a section 1983 claim.

      These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

      IT IS SO ORDERED.

    Dated:   **October 2, 2007**              **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE